ANN TUCKER, Respondent, *v.* THE UNITED LIFE & ACCI-
DENT INSURANCE ASSOCIATION, Appellant.

*Court of Appeals, April 12, 1892.*

*Insurance.    Question of fact.*—In an action on a policy of life insurance,
where plaintiff's intestate had stated, in his application, that he had
never had consumption, it was held to be a question of fact for the
jury to determine, under the facts and circumstances of the case, as to
whether he was, at the time the policy was issued, afflicted with
consumption.

Appeal from judgment of the supreme court, general term,
fourth department, affirming judgment in favor of Plaintiff.

*William G. Tracy,* for appellant.

*William Kennedy,* for respondent.

EARL, Ch. J.—This action was brought by the plaintiff
upon a policy of insurance for her benefit upon the life of
her son William C. Tucker.    It is claimed on behalf of the
defendant that the answers contained in the application of
the insured for the insurance, and which were made a part
of the policy, were warranties and that they were untrue.
He represented that he had never had any serious ailments
or local disease, and among other things that he had never
had consumption.    The policy was issued on the 20th day of
March, 1889, and he died of consumption on the 7th day of
October following.    The defendant claims to have shown by
undisputed evidence that he had consumption at the time
of the insurance, and thus that the breach of warranty was

established.   On the part of the plaintiff it is claimed that there was a conflict of evidence upon that point and that the case was therefore properly submitted to the jury and that the verdict of the jury is conclusive here.

The defendant called as a witness Dr. Sears, a young physician, who had been in practice at the time of the insurance about three years.   He testified that the insured first called upon him on the 25th day of February before the insurance for professional advice and treatment, and that he made six calls upon him before the fifth day of March, and that he treated him for consumption ; that during that time he procured and examined a specimen of his sputum and discovered what are known as Koch bacilli, the germs of tuberculosis, and he gave it as his judgment that he had consumption at that time.   His evidence as to the presence of the bacilli was confirmed by another physician who during the trial of the action made a microscopic examination of the bacilli.   If there had been no other evidence in the case to weaken the force of this evidence it is probably true that the defense to the action would have been established.   Dr. Sears formed his opinion from the appearance of the insured at the time he treated him, from the presence of the bacilli in the sputum, and from his subsequent history and death from consumption. The insured thought he had nothing but a cold, and was not informed by Dr. Sears that he had consumption.   The presence of the bacilli cannot be conclusive.   Bacilli in the sputum cannot always be, it seems to me, an indication that the disease of consumption has actually commenced.   These germs enter the system and in thousands of cases do no harm. In order to work mischief they must find favorable conditions, and at what precise time their operation has gone so far as to cause disease cannot be easily determined.   Philosophically speaking the disease must have a precise commencement.   On one day the victim may be free from disease and on the next day it may have commenced.   So far as I can see these bacilli may have been present about the first

or March and yet their operation may not have gone so far as to cause consumption on the 20th day of March; so that from the mere presence of bacilli on the first of March, from any light given by the evidence, or from anything in the nature of things, I am unable to say that they absolutely and infallibly indicated the existence of consumption prior to the 20th of March. But there was evidence on the part of the plaintiff which produced a manifest conflict.

The sister of the insured testified that he had a cold, and at her request went to Dr. Sears to get a prescription for that, and that she and her brother believed that it was a mere temporary ailment. At the time of the insurance he weighed about 155 pounds, and for some considerable time thereafter his complexion was ruddy and he was apparently healthy. He continued in his ordinary employment of a laborer until within a few weeks of his death. He died of acute tuberculosis, which generally runs its course in a very short space of time, usually three or four months. After visiting Dr. Sears the cough he then had disappeared, and was not noticed by his sister for some months thereafter, and during some months thereafter he was not under treatment by any physician. The examining physician who made the medical examination for his insurance testified that he examined him on the 19th day of March; that his physical appearance was then healthy; that he made a thorough examination by the usual tests and found his lungs in a perfect healthy condition; that he examined him by percussion and ausculation, and pronounced him healthy. He saw him some weeks afterward and conversed with him and saw nothing to indicate any lung trouble or any desease of any kind. Now, taking all this evidence, it was a question of fact for the jury to determine whether at the precise time the policy was issued he was afflicted with consumption. Although he died of consumption, the proof shows that the particular form of that disease of which he died may have originated after the insurance and ordinarily

12

would not exist for a period of six months before causing death.

We think the judgment should be affirmed.

Judgment affirmed, with costs.

All concur.